IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AKRAM IBIN FAREED, ) | |
| AIS #214664, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:11-CV-220-ID |
| ) | |
| STATE OF ALABAMA, et al., ) | |
| ) | |
|     Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, Akram Ibin Fareed ["Fareed"], a state inmate, challenges the constitutionality of conditions present at the Kilby Correctional Facility ["Kilby"]. Fareed also seeks to present claims on behalf of other inmates confined throughout the state prison system. Fareed names the State of Alabama and Governor Robert Bentley as defendants in this cause of action.

Upon review of the complaint, the court concludes this case is due to be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

---

[1] The court granted Fareed leave to proceed *in forma pauperis*. *Court Doc. No. 3*. A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II. DISCUSSION

### A. The Named Defendants

1. <u>The State of Alabama</u>. The law is well-settled that the State of Alabama is absolutely immune from suit. *Papasan v. Allain*, 478 U.S. 265 (1986) (Unless the State consents to suit, the plaintiff cannot proceed against such defendant as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable."). Moreover, "a State is not a 'person' within the meaning of § 1983...." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65, 109 S.Ct. 2304, 2309 (1989). Thus, the plaintiff's claims against the State of Alabama are frivolous as they are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2] These claims are therefore subject to dismissal as frivolous in accordance with the directives of 28 U.S.C.§ 1915(e)(2)(B)(i).

2. <u>Governor Robert Bentley</u>. The claims before this court relate to actions taken against Fareed during his incarceration at Kilby and general conditions of confinement at this and other state correctional facilities, i.e., alleged overcrowding, threats by correctional officers, lack of a grievance process, limited educational opportunities and restrictive classification proceedings. With respect to these claims, it is clear that defendant Bentley is sued solely due to his position as Governor of the State of Alabama. However, the law

---

[2] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to 28 U.S.C. § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

is well settled that "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004); *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003) (concluding supervisory officials are not liable on the basis of respondeat superior or vicarious liability); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir.1999), citing *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of subordinates/employees under either a theory of respondeat superior or vicarious liability); *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Florida*, 402 F.3d 1092, 1115-1116 (11th Cir. 2005) (a prisoner simply cannot rely on theories of vicarious liability or respondeat superior to establish liability). Thus, defendant Bentley is liable in the present cause of action only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and the alleged constitutional deprivation[s]." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (citation omitted).

Fareed does not allege defendant Bentley personally participated in any of the alleged constitutional violations. Additionally, it is clear defendant Bentley is not involved in the daily operation of Kilby or any other state correctional facility. Moreover, Fareed fails to present any facts which indicate a causal relationship between an action undertaken or policy enacted by defendant Bentley and the alleged constitutional deprivations. A

supervisory official "may be liable only for implementing a policy that is 'itself [ ] a repudiation of constitutional rights' and 'the moving force of the constitutional violation.' *Grandstaff v. City of Borger*, 767 F.2d 161, 169, 170 (5th Cir.1985)." *Oliver v. Scott*, 276 F.3d 736 (5th Cir. 2006). Consequently, the claims lodged against defendant Bentley lack an arguable basis in law and are therefore due to be summarily dismissed pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[3]

### B. Claims for Relief

1.  <u>Overcrowding</u>.  Fareed alleges "poor management, poor legislation, [a]djudication, and executive [decisions]" issued by judicial, legislative and executive officials have resulted in "overcrowding in the State's facilities causing chain reactions" infringing on the rights of inmates throughout the prison system. *Plaintiff's Complaint - Court Doc. No. 1* at 2-3. Only those conditions which deny inmates "the minimal civilized measure of life's necessities" are grave enough to violate the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (19891).[4] "'[T]he Constitution does not mandate comfortable prisons.' *Id.* at 349, 101 S.Ct. at 2400. If prison conditions are merely 'restrictive and even harsh, they are part of the penalty that criminal offenders pay for their

---

[3] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to 28 U.S.C. § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

[4] The Eighth Amendment applies to the states through the Fourteenth Amendment. *Rhodes,* 452 U.S. at 344-345.

4

offenses against society.' *Id.* at 347, 101 S.Ct. at 2399. Generally speaking, prison conditions rise to the level of an Eighth Amendment violation only when they 'involve the wanton and unnecessary infliction of pain.' *Id.*" *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). The specious allegation regarding overcrowded prisons fails to rise to the level of a constitutional violation and, therefore, dismissal of this claim is warranted under 28 U.S.C. § 1915(e)(2)(B)(ii).

    2. <u>Abusive Comments</u>. Fareed complains correctional officers often "talk to inmates cruelly as if [inmates are] not human." *Plaintiff's Complaint - Court Doc. No. 1* at 3. An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981). The statements about which the plaintiff complains, standing alone, do not violate the Constitution. *Cf. Paul v. Davis*, 424 U.S. 693 (1976). Threatening, derogatory, profane or abusive comments made by correctional officers to an inmate do not rise to the level of a constitutional violation. *Sepulveda v. Burnside*, 170 Fed. Appx. 119, 124 (11th Cir. 2006) (reference to plaintiff "as a 'snitch' in the presence of other inmates" does not rise to the level of a constitutional violation); *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (verbal taunts directed at plaintiff do not violate his constitutional rights); *McFadden v. Lucas*, 713 F.2d 143; 147 (5th Cir. 1983) (threatening demeanor of officers undertaken

"to enforce reasonable security needs are not violative of a prisoner's constitutional rights."); *see also Johnson v. Glick*, 481 F.2d 1028 (2nd Cir. 1973). Thus, the comments about which Fareed complains fail to demonstrate a deprivation of any protected right, privilege or immunity and this claim is due to be dismissed as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

   3. <u>Limited Educational Opportunities</u>.  Fareed challenges the limited number of educational opportunities available to him.  The law is well settled that an inmate has no constitutionally protected interest in rehabilitative or educational programs as the failure to place an inmate in these programs does not impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Thus, Fareed's claim regarding limited access to educational programs is indisputably meritless as it alleges "infringement of a legal interest which clearly does not exist" and, as such, this claim is subject to dismissal as frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke*, 490 U.S. at 327.

   4. <u>Lack of Grievance Procedure</u>.  Fareed maintains his constitutional rights are being violated because there is no administrative grievance procedure for inmate complaints.  *Plaintiff's Complaint - Court Doc. No. 1* at 3.  In the context of a prison setting, "an inmate grievance procedure is not constitutionally required." *Spencer v. Moore*, 638 F. Supp. 315 (E.D. Mo. 1986) (citations omitted).  "A prison grievance procedure is a procedural right only, it does not confer any substantive right upon the

inmates.  Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F.Supp. 8, 10 (N.D. Ill. 1982).  Thus, the failure to provide an inmate grievance procedure provides no basis for relief in this cause of action.  *Brown v. Dodson*, 863 F.Supp. 284 (W.D. Va. 1994); *Azeez*, *supra*.

     5. <u>Classification System</u>.  To the extent Fareed challenges the custody classification system utilized by the Alabama Department of Correction, he is entitled to no relief as an inmate confined in the Alabama prison system has no constitutionally protected interest in the procedure affecting his classification level because the resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484; *Francis v. Fox*, 838 F.2d 1147 (11th Cir. 1988); *Jones v. Diamond,* 594 F.2d 997 (5th Cir. 1979).

     6. <u>Claims on Behalf of Other Inmates - Lack of Standing</u>.  Standing is a cornerstone of American jurisprudence on which jurisdiction lies.  "[A] litigant may only assert his own constitutional rights or immunities." *McGowan v. Maryland*, 366 U.S. 420, 429 (1961), citing *United States v. Raines*, 362 U.S. 17, 22 (1960); *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 218-219 (1974) (plaintiff must assert a legally cognizable injury in fact before federal courts have jurisdiction).  "The essence of a standing question is whether the plaintiff has alleged 'such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon

which the court so largely depends for the illumination of difficult constitutional questions[.]' *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703 7 L.Ed.2d 663 (1962)." *Saladin v. City of Milledgeville*, 812 F.2d 687, 690 (11th Cir. 1987); *Harris v. McRae*, 448 U.S. 297, 320 (1981) (same).

Standing involves two aspects. The first is the minimum "case or controversy" constitutional requirement of Article III. *Saladin*, 812 F.2d at 690. "To satisfy this 'irreducible' constitutional minimum required for standing, a litigant must show 1) that he personally has suffered an actual or prospective injury as a result of the putatively illegal conduct; 2) that the injury can be fairly traced to the challenged conduct; and 3) that the injury is likely to be redressed through court action." *Saladin*, 812 F.2d at 690, citing *Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 472 (1982); *Warth v. Seldin*, 422 U.S. 490, 499 (1975). If any element is lacking, a plaintiff's claim is not viable. In addition, the Supreme Court has established several requirements based on prudential considerations. *Saladin*, 812 F.2d at 690 (internal citations omitted) ("The Supreme Court has also stated that, in addition to these essential constitutional requirements, a court should consider the case in light of three principles which might counsel judicial constraint, referred to as 'prudential' considerations.... Those considerations are 1) whether the plaintiff's complaint falls within the zone of interests protected by the statute or constitutional provision at issue; 2) whether the complaint raises abstract questions amounting to generalized grievances which are more appropriately

resolved by the legislative branches; and 3) whether the plaintiff is asserting his or her own legal rights and interests rather than the legal rights and interests of third parties").

The instant complaint contains several claims relative to conditions of confinement to which other inmates have been subjected at facilities throughout the Alabama prison system. In accordance with applicable federal law, Fareed lacks standing to assert the constitutional rights of other persons. *Saladin*, *supra.*; *Allen v. Wright*, 468 U.S. 737, 751 (1984). The prudential limitation applicable in this case is that a litigant may not assert the legal rights or interests of another person. With respect to the claims arising from alleged violations of other inmates' constitutional rights, Fareed is not "asserting his ... own legal rights and interests [but] rather ... the legal rights and interests of third parties." *Saladin*, 812 F.2d at 690. These claims therefore entitle Fareed to no relief and are subject to dismissal in accordance with directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

It is further

ORDERED that on or before April 21, 2011 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 5th day of April, 2011.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE